Patric Hooper (State Bar No. CA 57343)
Bridget A. Gordon (State Bar No. CA 287098)
**HOOPER LUNDY & BOOKMAN, P.C.**
1875 Century Park East
Suite 1600
Los Angeles, CA 90067
Telephone: (310) 551-8111
Facsimile: (310) 551-8181
Email: PHooper@health-law.com
Email: BGordon@health-law.com

Attorneys for Plaintiff AGENDIA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| AGENDIA, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ALEX AZAR, SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　Defendant. | Case No. 8:19-cv-00030-DOC (JDEx)<br><br>Hon. David O. Carter<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　February 10, 2020<br>Time:　8:30<br>Dept.:　9D<br><br>Trial Date: None |

## I. SUBJECT MATTER JURISDICTION

### A. Introduction

In his opposition to Agendia's motion for summary judgment, the Secretary accuses Agendia of resorting to "misleading labels and other obfuscations" to "mislead" the Court into asserting subject matter jurisdiction over Agendia's claims in this lawsuit. ECF No. 32, pages 8 and 13 of 31. However, this is hardly the case, as explained in Agendia's opening memorandum and in this reply.

As pointed out previously, due to no fault on its part, Agendia had to wait years even to have an Administrative Law Judge ("ALJ") address the issue of whether Medicare must cover and pay for the laboratory tests at issue. And, when the two ALJs here finally did so, they deferred substantially to the Medicare coverage policy contained in LCD L32288 to deny coverage for the testing for all but four of the more than four hundred Medicare beneficiaries whose doctors had ordered such testing to help the doctors guide the treatment of each beneficiaries' breast cancer.

Because neither the ALJs nor the Departmental Appeals Board's ("DAB") Medicare Appeals Council ("Appeals Council") had the authority to determine the validity of LCDs, Agendia sought prompt court review of the validity of the LCD and its progeny, the MolDX program. In doing so, Agendia did *not* ignore the final step in the Secretary's four-step administrative appeal process, review by the Appeals Council. Rather, Agendia sought to obtain an order allowing it to go to court to challenge the validity of the LCD before the Appeals Council ruled on the merits of the appeals.

No matter how the Secretary now seeks to characterize Agendia's efforts in this regard, he cannot deny the facts: (1) that the two ALJs based their adverse decisions on LCD L32288; (2) that following the issuance of the ALJ decisions, Agendia requested the Departmental Appeals Board ("DAB") to allow it to go

straight to court to challenge the LCD; (3) that the DAB "review entity" denied Agendia's request more than sixty days after the requests for expedited review were filed with the DAB; and (4) that the two ALJ decisions were referred to the Appeals Council for decisions on the merits, which the Appeals Council has yet to issue.

Under these circumstances, jurisdiction exists here under 42 U.S.C. section 1395ff(b)(2). And, as explained below, due in part to the Supreme Court's ruling in *Smith v. Berryhill*, 139 S. Ct. 1769 (2019), such jurisdiction exists without the need for the Court to waive any statutory requirement or for Agendia to show irreparable harm or the collateral nature of the issues to be decided or whether mandamus jurisdiction exists.

**B.     Jurisdiction Exists Under 42 U.S.C. Section 1395ff(b)(2)(C)**

As mentioned above, the Secretary accuses Agendia of attempting "to mislead" the Court by "obliquely" asserting a theory of *respondeat superior* that would allow Agendia's November 6, 2018 requests for expedited access to judicial review to be treated as if they were directed to the "appropriate review entity" of the DAB. ECF No. 32 at 13 of 31.

The November 6, 2018 requests speak for themselves. They were, in fact, addressed to the DAB on the second line of the letters and to the Appeals Council on the third line. In the definitions section of the Medicare appeals regulations, the Appeals Council is defined as being within the DAB. *See* 42 C.F.R. § 405.902.

Agendia identified the nature of its November 6, 2018 requests in bold in each request – "**REQUEST FOR EXPEDITED ACCESS TO JUDICIAL REVIEW**." Agendia was not attempting to fool anyone. It had waited for more than five years to get to court and sought to avail itself of the remedy established by Congress for doing so quickly after Agendia had completed the third step in the four-step process. The Secretary must concede that if Agendia had simply

included the words "appropriate review entity" in the address line of the November 6, 2018 requests, the DAB would have been required to respond to the requests within 60 days. However, because Agendia did not add these three words to the address on its letters, the Secretary seemingly contends the DAB had complete discretion for determining when the 60-day limit for responding began to run in this case. And, the Secretary has provided no explanation as to why it took the DAB so long to re-route the requests internally to the "appropriate review entity." Instead, the Secretary asserts that because Agendia e-filed its "EAJR requests to the wrong entity, the 60-day clock for the DAB to render a decision never commenced." ECF No. 32, page 14 of 31.

Agendia continues to assert (1) that its November 6, 2018 requests satisfied the requirements of the controlling statute, and (2) that because the DAB did not respond within 60 days of November 6, 2018, Agendia was permitted to initiate this lawsuit within 60 days thereafter under 42 U.S.C. section 1395ff(b)(2)(C).[1]

### C. Under *Smith v. Berryhill*, Judicial Review Was Not Barred by the Lack of an Appeals Council Decision on the Merits of Agendia's Claims.

The situation here is similar to that in *Smith v. Berryhill*, *supra*, a Supreme Court decision largely glossed over by the Secretary in the argument section of her opposition. In *Smith*, as here, the claimant completed the first three steps of the four-step administrative appeal process of 42 U.S.C. section 405(b) and (g), including, most importantly, completing a hearing with an ALJ. Mr. Smith had allegedly not timely filed a request for review with the Appeals Council. As a result, the Appeals Council dismissed Mr. Smith's request for review.

---

[1] The DAB has divided into two pieces the review of the ALJ's October 12, 2018 decision. On February 27, 2019, the Appeals Council reversed the favorable portion of the ALJ's decision. Agendia contends that the decision could not be divided. In any event, it contends that the validity of the entire decision continues to be before this court pursuant to its original complaint.

When Mr. Smith sought judicial review, the district court and the court of appeals concluded that they lacked jurisdiction to review his claim. The Supreme Court granted certiorari to resolve a conflict among the circuits on the jurisdiction issue.[2] The Supreme Court ultimately concluded that the lack of a hearing on the merits of Mr. Smith's claim by the Appeals Council did *not* deprive Mr. Smith of judicial review of the merits of his claim. In a critical footnote (note 10 at 139 S. Ct. 1775), the Court held that because the hearing mentioned in 42 U.S.C. section 405(g) does not refer to a hearing before the Appeals Council, "the fact that there was no Appeals Council hearing – much like there was no reasoned Appeals Council decision on the merits – does not bar review."

Thus, even if the Court accepts the Secretary's view that the DAB's 60-day limit for deciding whether to grant Agendia's EAJR requests never commenced, this Court has jurisdiction to review the DAB's February 22, 2019 decision. ECF No. 29-2. This decision holds that EAJR was not justified under the Secretary's regulations because Agendia did not demonstrate that the only factor precluding a favorable decision is the constitutionality of a statute or the validity of a regulation, NCD, or CMS ruling. ECF No. 29-2, page 39 of 41.

This conclusion must be set aside under the Administrative Procedure Act, 5 U.S.C. section 706(1)(C), because it exceeds the authority delegated to the Secretary by the controlling statute. Under Section 1395ff(b)(2)(A), EAJR must be granted where the DAB "does not have the authority to decide the question of law or regulation relevant to the matters in controversy and that there is no material issue of fact in dispute."

---

[2] The Government chose to reverse its longstanding position on the jurisdiction issue agreeing with Mr. Smith that his claim qualified for judicial review notwithstanding the lower courts' decisions to the contrary. *Smith*, 139 S. Ct. at 1773.

Clearly, the DAB does not have the authority to determine (1) whether Congress has violated due process by delegating discretionary regulatory authority to a private contractor, or (2) whether LCD L32288 was properly promulgated. And, there are no material facts in dispute regarding either of these purely factual disputes. If these two controlling requirements are met, the statute does not allow the DAB to deny EAJR simply because the DAB determines that Agendia might prevail before the Appeals Council notwithstanding the LCD.

Thus, most respectfully, the Court should reverse the DAB's denial of the EAJR requests and assert jurisdiction under Section 1395ff(b)(2) to address the two legal issues in dispute.

### D.  If the Court Decides to Wait for the Appeals Council to Rule on the Merits of the Two ALJ Decisions, It Should Retain Jurisdiction.

In its February 22, 2019 decision, the DAB forwarded the two ALJ decisions to the Appeals Council for decisions on the merits. As of the date of this reply, the Appeals Council has yet to rule in either case, further delaying Agendia's right to receive a ruling from this Court on whether the laboratory testing at issue is covered by Medicare.[3]

If the Court is inclined to delay reaching the merits of Agendia's challenges to the LCD until the Appeals Council rules in the two ALJ cases, Agendia respectfully asks the Court to retain this case pending the issuance of the Appeals Councils' decisions, in light of how long it has taken for Agendia to get to court already.

---

[3] Nearly three months ago, this Court remanded Agendia's case involving the first ALJ's decision to the Appeals Council for further proceedings. The Council also has yet to rule in that matter. *See Agendia v. Azar*, 19-cv-00074, Court's October 29, 2019 order, ECF No. 31. In fact, the Secretary has appealed the order (ECF No. 35), meaning that the appeal on the merits will be delayed even further.

## II. <u>**LCD L32288 AND THE MOLDX PROGRAM ARE INVALID.**</u>

Agendia continues to assert that LCD L32288 and the MolDx program are invalid because (1) Congress improperly delegated regulatory policy making to private contractors to make such policies, and (2) the policies were not enacted as regulations as required by 42 U.S.C. section 1395hh. In its October 29, 2019 order in the related case, this Court rejected the first contention but agreed with the second argument.

Agendia anticipates that the Court will follow its ruling on both issues in this case. The Secretary is essentially repeating the arguments he made through counsel in the previous case here regarding 42 U.S.C. section 1395hh – the "promulgation challenge."

The Court rejected each of the Secretary's arguments supporting his attempt to excuse the past non-compliance with Section 1395hh(a)(2). The Court expressly found that the LCD is (1) a rule, requirement, or other statement of policy," that (2) establishes or changes (3) a substantive legal standard that (4) governs "payment for services. Case no. 19-cv-00074, ECF No. 31, pages 16-17 of 31.

The Court rejected the Secretary's argument that the December 2016 amendment at 42 U.S.C. section 1395y(*l*)(5)(D) applies in some manner to allow the LCD to have been promulgated without compliance with Section 1395hh in 2011 and when it was applied to Agendia's services furnished in 2013. The Court correctly concluded that the 2016 requirement in no way "imply exclusivity" meaning that compliance with both the 2016 amendment and Section 1395hh is required going forward. *Id*. at 15-16. And, in any event, compliance with Section 1395hh was required in 2011 when the Medicare Administrative Contractor, Palmetto GBA, enacted LCD L32288 and the MolDx program.

The Secretary's *post hoc* attempt to characterize the LCD as a procedural rule that is outside the requirements of Section 1395hh is directly contradicted by the Court's previous finding that the LCD is a substantive legal standard. The LCD does much more than create an internal procedure. It establishes the substantive standard that all molecular diagnostic tests are medically unnecessary and unreasonable until and unless they are expressly found to be medically necessary and reasonable by the private contractors who administer the MolDx program.

Because, the policies at issue are classic gap-filling policies, as held previously by the Court, the Secretary now attempts to characterize them as being procedural in nature to try to avoid the consequences of not enacting them in the manner regulations are required to be enacted. The policies are much more than procedural policies. The policy is that all molecular diagnostic tests not approved under the MolDx program are medically unreasonable and unnecessary. The fact that Agendia has been able to convince one ALJ that this policy should be disregarded is of no assistance to Agendia and other laboratories providing molecular diagnostic when other ALJs choose to defer to the policy in other ALJ decisions such as the two at issue here. Characterizing the policy as a mere procedural presumption to try to avoid having to enact them as a regulation ignores the substantive impact of the policy.

The Secretary continues to insist, as his counsel did in the related case, that the December *2016* amendment imposing new procedural requirements on the enactment of LCDs somehow retroactively allows the Secretary to enforce a policy enacted in *2011* without having complied with the procedures required under Section 1395hh. The Secretary provides no legislative history or other support for creating such an implied exception to the requirements of Section 1395hh prior to 2016. The more likely interpretation is that in 2016, Congress chose to create

exceptions to the requirements of Section 1395hh, because Congress did not enact new requirements until 2016. If Congress had intended to exempt LCDs from the requirements of Section 1395hh, it would have done so, as it did with NCDs.

### III. CONCLUSION

Based on the foregoing, the Court is respectfully requested to grant Agendia's motion for summary judgment and to remand the two ALJ decisions at issue to the ALJs for further proceedings to be conducted without regard to LCD L32288 or the MolDx program.

Dated: January 13, 2020                HOOPER, LUNDY & BOOKMAN, P.C.


By: _____s/_____
      PATRIC HOOPER
Attorneys for Plaintiff AGENDIA, INC.